REQUESTED BY: Donald L. Knowles, Douglas County Attorney.
1. Where a private purchaser in a tax foreclosure sale fails to pay subsequent taxes prior to the confirmation of this sale under Neb.Rev.Stat. § 77-1913 (Reissue 1976), does the county attorney have authority to require the payment of these subsequent taxes in order to obtain confirmation of the sale?
2. Is the county attorney under a duty to move for the confirmation of a foreclosure sale within a reasonable period of time, or may a substantially longer period of time be allowed to elapse before seeking confirmation of the sale?
3. Where the Land Reutilization Authority is a successful bidder at a foreclosure sale pursuant to Neb.Rev.Stat. 77-3211
(Reissue 1976), should the time for the confirmation of the sale be extended pending procurement of a subsequent buyer for the property by the Land Reutilization Authority?
1. No.
2. The county attorney should move for confirmation of the foreclosure sale as soon as it is reasonably possible.
3. No.
1. The tax foreclosure procedures outlined in Neb.Rev.Stat. §§ 77-1901 through 77-1919 (Reissue 1976) are strictly statutory remedies and therefore must be interpreted narrowly within the confines established by the Legislature. Under these statutes the county attorney certainly has no authority to require payment of subsequent taxes by a purchaser merely to confirm the sale. If that were the case, there would be no need for the entire procedure involving the tax sale and foreclosure. Under Neb.Rev.Stat. § 77-1913
(Reissue 1976) the court is only permitted to confirm a sale by a private purchaser, when the subsequent taxes have been paid by that purchaser, or when a governmental subdivision with an interest in the distribution on the proceeds has obtained a tax sales certificate covering the subsequent taxes. Failing this, it would appear that the court would have no choice but to deny confirmation and order a new sale. In this regard it is difficult to understand why an interested governmental subdivision, particularly the county, does not obtain a tax certificate for the subsequent taxes, thereby permitting confirmation of the sale and distribution of the proceeds currently held by the court. This would likely result in the necessity of a second foreclosure for the new tax certificates held by the subdivision, but at least the proceeds of the original sale could be distributed. This is obviously the intent of the statute as it is presently written.
2. The foreclosure sale procedure outlined in Neb.Rev.Stat. §§ 77-1901 through 77-1919 (Reissue 1979) provides no limit to the period of time in which the confirmation of a sale may be requested, other than that Neb.Rev.Stat. § 77-1903 (Reissue 1976) provides that the confirmation cannot be obtained until two years from the date of sale in a lien foreclosure, and that in the case of a certificate foreclosure, confirmation may be obtained immediately after the sale. The foreclosure procedure is designed to obtain and distribute delinquent tax revenues, and also to place the property back into a productive status, particularly from the standpoint of the generation of further tax revenues. It therefore stands to reason that confirmation of the sale should thus be sought as soon as it is reasonably possible. This will serve to minimize the accumulation of additional unpaid taxes on the property where the purchaser has failed to pay the same, or in the event that the confirmation is denied by the court, will at least serve to keep the process moving and avoid the creation of an essentially stagnant situation in which further potential tax revenue continues to be lost from the subject property. Thus it seems only logical that the county attorney should move for confirmation of a foreclosure sale within the shortest period of time that is reasonably possible. An unnecessarily long period of time should not be permitted to elapse before seeking confirmation. No one serves to benefit by such a delay and the purpose of the tax foreclosure laws is frustrated.
3. Where the Land Reutilization Authority is the successful bidder under Neb.Rev.Stat. § 77-3211 (Reissue 1976), title will pass to the Land Reutilization Authority upon confirmation of the sale. No money actually changes hands during such a transaction, and the Land Reutilization Authority simply holds the property in trust for the tax bill owners and the taxing authorities having an interest in any lien foreclosures until such time as it is able to obtain a buyer for the property. There is certainly no apparent need in such a situation merely to allow the sale to remain unconfirmed while the Land Reutilization Authority attempts to procure a buyer for the property. There is thus no reason why the county attorney should not seek confirmation of the sale as soon as reasonably possible.
Very truly yours, PAUL L. DOUGLAS Attorney General John Boehm Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General